

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00065-CR

———————————————

BILLY DON RUSSELL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1498393D

Before Bassel, Gabriel, and Kerr, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Billy Don Russell pleaded guilty to Count 2 (aggravated sexual assault of a child under fourteen), Count 3 (indecency with a child by contact), and Count 4 (indecency with a child by contact) in exchange for the State's waiving Count 1 (continuous sexual abuse of a child younger than fourteen years of age) and Counts 5 through 8 (indecency with a child). After a presentence investigation, the trial court sentenced Russell to twenty-five years' confinement on Count 2 and ten years' confinement each on Counts 3 and 4 and ordered all of the sentences to run concurrently. The trial court certified that this "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal."

Russell's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Russell of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Russell's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Russell the opportunity to file a response on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record before us that arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

Although not an arguable issue, we note that the trial court's three judgments incorrectly state that the "Sex Offender Registration Requirements do not apply to the Defendant" and that "[t]he age of the victim at the time of the offense was N/A." Russell was convicted of aggravated sexual assault of a child under fourteen years of age and two counts of indecency with a child by contact, and both offenses are subject to the sex offender registration requirements of Chapter 62 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 62.001(5)(A). On our own motion, we modify each of the three judgments to show that the sex offender registration requirements apply and that the age of the victim at the time of the offenses was nine years old. *See* Tex. R. App. P. 43.2(b); *Villatoro v. State*, No. 05-18-

3

00639-CR, 2019 WL 3940971, at *9 (Tex. App.—Dallas Aug. 21, 2019, pet. filed) (mem. op., not designated for publication) (modifying judgment to show applicability of sex offender registration requirements and to state victim's age); *Chol v. State*, No. 05-18-00518-CR, 2019 WL 2266546, at *1 (Tex. App.—Dallas May 24, 2019, no pet.) (mem. op., not designated for publication) (same in *Anders* appeal).

Accordingly, we grant counsel's motion to withdraw, and we affirm as modified the trial court's judgments.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 10, 2019